**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THOMAS ABDUL FIELDS,** | : | **CIVIL ACTION NO. 1:12-CV-427** |
| | : | |
| **Petitioner,** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **B.A BLEDSOE, WARDEN,** | : | |
| | : | |
| **Respondent** | : | |

**MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner Thomas Abdul Fields ("Fields"), a federal inmate incarcerated at the Federal Prison Camp at Schuylkill, Minersville, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

## I. Background

Following a jury trial in the United States District Court for the District of Columbia, Fields was found guilty on forty counts of an indictment charging attempted murders, kidnaping, rape, a narcotics conspiracy, a RICO conspiracy, and multiple firearms offenses. United States v. Fields, 242 F.3d 393, 394-95 (D.C.Cir.) *on reh'g*, 251 F.3d 1041 (D.C. Cir. 2001). He was sentenced to a term of life imprisonment plus 120 years. Fields, 242 F.3d at 395.

[1]These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b)

On direct appeal, the United States Court of Appeals for the District of Columbia held that defendant's life sentences for the narcotics and RICO conspiracies, violated the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), and that the district court applied the incorrect guideline in determining the sentence for kidnaping. Fields, 242 F.3d at 395-99. The case was remanded and, on November 27, 2001, he was resentenced to life imprisonment plus 105 years. U.S. v. Fields, No. CRIM 98-0071 (TFH), 2006 WL 148739 (D.D.C. Jan. 18, 2006). The sentence was affirmed on appeal and, a petition for writ of certiorari to the United States Supreme Court was denied. United States v. Fields, 325 F.3d 286, 290 (D.C.Cir.), *cert. denied*, 540 U.S. 961 (2003).

Thereafter, he filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. U.S. v. Fields, No. CRIM 98-0071 (TFH), 2006 WL 148739 (D.D.C. Jan. 18, 2006). The motion was denied on January 18, 2006. Id. He filed a timely notice of appeal. See electronic docket, USA v. Fields, D.D.C. No. 1:98-cr-00071-TPJ-1, Doc. 424, obtained *via* http://www.pacer.gov). On March 2, 2006, the Court of Appeals affirmed the judgment of the district court. Id. at Doc. 428. Also filed by petitioner was a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure on August 3, 2007, which was denied on that same date. Id. at Docs. 435-436.

The instant petition was filed on March 7, 2012. (Doc. 1.) Fields contends that he is being held in custody unlawfully based on the grounds of actual innocence, prosecutorial misconduct and Brady v. Maryland, 373 U.S. 83 (1963) violations, and ineffective assistance of counsel. (Doc. 1, at 3-4.)

## II. Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1154, 1165 (3d Cir. 1971).

Although petitioner's claims fall within the purview of § 2255, there is no indication in the record that he sought permission to file a second or successive § 2255 motion as required by 28 U.S.C. § 2244(b)(3)(A). He has made no showing that § 2255 is inadequate or ineffective to test the legality of his conviction and sentence. Further, the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: May 16, 2012

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THOMAS ABDUL FIELDS,** | : | **CIVIL ACTION NO. 1:12-CV-427** |
| | : | |
| **Petitioner,** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **B.A BLEDSOE, WARDEN,** | : | |
| | : | |
| **Respondent** | : | |

**ORDER**

AND NOW, this 16th day of May, 2012, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction.

2. The Clerk of Court is directed to CLOSE this case.

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge